# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Kevin Trudeau and Direct Response
Associates LLC,

|  |  |
|---|---|
| Plaintiffs, | ) |
|  | ) |
|  | ) |
| v. | )  No.  04 C 7165 |
|  | ) |
| George Lanoue et al., | ) |
|  | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' motion for attorneys' fees and costs. For the reason's stated below, we deny the motion for attorneys' fees and costs in its entirety.

## BACKGROUND

On January 10, 2005, we entered a preliminary injunction in this action, precluding Defendants from "operating any web site at any of the Trudeau Domain Names or using the Trudeau Domain Names to re-direct internet traffic to any non-infringing site." (1/10/05 OP X). Plaintiffs claim that contrary to the court order, in June 2005, three Trudeau domain names, trudeau.de (Germany), trudeau.jp (Japan),

1

and trudeau.co.uk (United Kingdom) ("Foreign Websites"), were still active and redirecting visitors to tvsuccess.com, where Trudeau-related products were available for sale. Plaintiffs acknowledge that Defendants rectified the problem when notified by Plaintiffs. On June 24, 2005, Plaintiffs filed a motion for contempt based upon what Plaintiffs contended were continuing violations of the court's preliminary injunction. We denied the motion, but admonished Defendants to make sure that they were complying with the injunction.

Plaintiffs claim that on August 10, 2005, they discovered that kevintrudeau.com, a website improperly maintained by Defendants, had been reactivated. Plaintiffs then filed their second motion for contempt based upon alleged violations of the preliminary injunction. The parties appeared before the court and Defendants' counsel Charles L. Mudd, Jr. ("Mudd") indicated to the court that the blame for the recent website reactivation lay with Verio, Inc. ("Verio"), the company that maintains the server used by Defendants. The court set a rule to show cause hearing for September 27, 2005, at 10:00 a.m., and ordered certain parties connected with the problem to appear on that date. On September 27, 2005, only Plaintiffs' counsel appeared for the hearing. Based upon the failure to appear, the court issued body attachments.

Plaintiffs also claim that shortly after the rule to show cause hearing, Mudd contacted their counsel and indicated that Mudd had mistakenly thought the hearing was set for 11:00 a.m. Plaintiffs claim that Mudd represented to Plaintiffs' counsel

that the court had rescheduled the hearing before the court at 2:00 p.m. that same day. No such hearing was scheduled by the court. Plaintiffs claim that their counsel arrived for the hearing and that Mudd did not even show up at 2:00 p.m. On October 4, 2005, the court held a hearing where it resolved the issues concerning the reactivation of the websites and vacated the body attachments. Plaintiffs now seek attorneys' fees for the fees expended in their efforts to ensure that Defendants comply with the preliminary injunction. Plaintiffs also seek fees pursuant to 28 U.S.C. § 1927 ("Section 1927") for Mudd's alleged misconduct regarding the failure to appear.

## LEGAL STANDARD

Federal courts have the inherent power to punish parties who abuse the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This includes the power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" such as when a party attempts to work a fraud upon the court, delay the proceedings, or delay or inhibit the enforcement of a court order. *Id.* at 45-46. Where bad faith is shown, sanctions in the form of attorneys' fees vindicate the court's authority without resorting to a more drastic measure and serve to make the moving party whole. *Id.* at 46. Inherent powers are not displaced by statutes and rules that cover the same conduct. *Id.* at 43, 46. However, the courts' inherent powers "must be exercised with restraint and discretion." *Id.* at 44.

In addition, pursuant to Section 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

## DISCUSSION

### I. Fees and Costs Expended to Enforce the Injunction

Defendants seek compensation for attorneys' fees and costs that were expended to address the violations of the court's injunction by Defendants. Although Defendants have not always been as diligent in ensuring compliance with the injunction as Plaintiffs would like, there is not sufficient evidence to show that Defendants were acting in bad faith or that Defendants' violation of the injunction was willful or wanton. Defendants have responded to the concerns of the Plaintiffs and have sought to correct the violations brought to their attention in a timely fashion. There is no indication that Defendants have filed any false or frivolous pleadings with this court. Finally, there is no indication that Defendants have attempted to oppress and harass Plaintiffs through violations of the injunction or that they have tried to cause Plaintiffs excessive expenses. Plaintiffs chose to remedy the perceived violations of the injunction through contempt proceedings and thus should have expected to incur expenses when issues of compliance arose. It would be

inappropriate to hold Defendants accountable for Plaintiffs' litigation strategy, given that the violations appear to be inadvertent, that the Defendants promptly remedied the violations, and that Defendants realized no income from the violations. In sum, we do not find evidence of misconduct by Defendants that would warrant an award of attorneys' fees or costs at this juncture. Therefore, we deny Plaintiffs' motion for attorneys' fees and costs incurred while seeking compliance with the injunction. Defendants are warned, however, that should there be any future non-compliance with the injunction, the court will entertain any new motions filed by Plaintiffs for attorneys' fees and costs and that such fees and costs may be awarded if appropriate.

## II. Fees Based on Mudd's Alleged Misconduct

Plaintiffs seek to hold Mudd accountable for attorneys' fees and costs under Section 1927 for the motions that resulted from Defendants' failure to appear at the September 27, 2005, hearing. As is indicated above, in order to recover fees under Section 1927, a party must show that the non-movant's conduct multiplied the proceedings "unreasonably and vexatiously. . . ." 28 U.S.C. § 1927. A party can recover fees under Section 1927 by showing conduct beyond ordinary negligence that is "extremely negligent conduct, like reckless and indifferent conduct . . . ." *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1185 (7th Cir. 1992). Plaintiffs complain that Mudd failed to appear for the rule to show cause hearing on September 27, 2005. Mudd claims that he failed to appear for the hearing scheduled at 10:00 a.m. because

he mistakenly thought the hearing was set for 11:00 a.m., due to his own calendaring error. We note that Plaintiffs make a reference in their factual synopsis of this case to allegations that Mudd contacted Plaintiffs' counsel and told them to return to court for a 2:00 p.m. rule to show cause hearing set by the court and that no such hearing was scheduled. However, in Plaintiffs' motion for attorneys' fees and in their reply brief, Plaintiffs clearly seek the fees under Section 1927 based solely upon the miscalendaring error. Mudd's failure to make note of the correct hearing time does not rise to the level of being grossly negligent. Plaintiffs have not shown that Mudd acted unreasonably, vexatiously, in bad faith, or in a grossly negligent manner in these proceedings and, therefore, we deny the motion for attorneys' fees incurred.

## CONCLUSION

Based on the foregoing analysis, we deny Plaintiffs' motion for attorneys' fees and costs in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 30, 2005